[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SANCTIONS
The plaintiff in this cause of action has brought a medical malpractice claim against the defendants, Dr. Curi and Dr. Palm, for failing to diagnose a cancerous tumor in her daughter, Ashley, which the plaintiff claims led to her daughter passing away at the age of 12.
In the course of this litigation, the plaintiff had disclosed as an expert witness, Dr. Arthur Sitelman, a pathologist, who practices in Phoenix, Arizona. Dr. Sitelman is also the doctor who provided the plaintiff with a written report to substantiate the filing of this cause of action, i.e., the Certificate of Good Faith, as is required in Connecticut.
In particular, on both January 27th and February 17, 2000, the plaintiff did disclose Dr. Sitelman, as an expert witness, that was intended to be called to testify at trial regarding the plaintiff's claim of medical malpractice by the defendant doctors.
The defendants, Dr. Curi and Dr. Palm, through their counsel who are representing them in this matter, noticed the deposition of Dr. Sitelman in Phoenix, Arizona on August 2, 2000.
Defendants counsel both traveled to and attended the deposition in Phoenix. The plaintiff's counsel did not attend the deposition but instead arranged to have local council in Phoenix attend the deposition on their behalf.
The defendants have both filed with this court a motion for sanctions.
The defendants claim that as a result of attending the deposition of Dr. Sitelman, they determined the Dr. Sitelman would not be testifying regarding standard of care, causation or damages regarding the treatment provided by the defendant doctors to Ashley Grondin. The defendants therefore assert that sanctions should be imposed upon the plaintiff because of the plaintiff's misrepresentation of the scope of Dr. Sitelman's proposed trial testimony through the plaintiff's multiple disclosures throughout this case.
The court has reviewed all the disclosures filed by the plaintiff regarding Dr. Sitelman. The court has also reviewed Dr. Sitelman's deposition testimony. Dr. Sitelman has in fact testified in that deposition that he would not be offering any opinion regarding Dr. Curi CT Page 3526 and Dr. Palm deviating from the standard of care or regarding causation and damages. Dr. Sitelman did also testify that he was a pathologist and as a pathologists he may still testify at trial in this matter regarding his pathological findings. Dr. Sitelman did relate in testimony that he had been in contact with plaintiff's counsel since he provided his initial report of August 27, 1997 and also related conversations that took place with plaintiff's counsel as recently as the day before his deposition regarding the deposition testimony of another of the plaintiff's experts, Dr. Grella.
At argument on these motions, the plaintiff's counsel argued that their intention is to still call Dr. Sitelman as expert witness at trial. This is certainly within the province of the plaintiff's decision on how it wishes to present its case. Plaintiff's counsel was not present at the deposition and therefore did not have an opportunity to rehabilitate any of his Dr. Sitelman's testimony.
The court is convinced that the testimony of Dr. Sitelman at the deposition was not anticipated by the plaintiff, particularly when compared to Dr. Sitelman's report of August 27, 1997, where he offered written opinion as to deviation of standard of care by both Dr. Curi and Dr. Palm.
The court does not find that at this time the plaintiff, through her counsel, acted in bad faith or that wilful misrepresentations have been made through the plaintiff's disclosures. The court does not have "clear evidence" of bad faith litigation practices by the plaintiff. See, CFM ofConnecticut, Inc. v. Chourdhury, 239 Conn. 375, 399 (1991).
In conclusion, the court denies the defendants, Dr. Curi and Dr. Palm, motions for sanctions without prejudice. At the trial of this matter, should Dr. Sitelman not be called to testify or if the trial court at that time determines that in fact Dr. Sitelman's testimony does not conform to the disclosure made by the plaintiffs, then the trial court may review the defendants claims for sanctions and hear testimony regarding the costs incurred by the defendants at that time. The court concludes that the defendants motions are premature at this time.
Agati, J.